POWER *v.* STATE OF INDIANA.
[No. 26,602. Filed October 19, 1936.]

*T. Ernest Maholm,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Alvin C. Johnson,* Assistant Attorney-General, for the State.

FANSLER, J.—Appellant was convicted of robbery. He was at liberty on bond at the time of his trial, and, having anticipated the verdict, he became a fugitive, and did not appear in court when the verdict was received. His recognizance was forfeited. About two months later he was apprehended and sentenced. Thereafter, no motion for a new trial having been filed wihin the time allowed by law, and no objection or exception having been taken to the judgment sentencing him, appellant filed a petition for a writ of error *coram nobis.*

If any question is presented by the record and appellant's brief it is upon the court's ruling upon the merits of the petition. The petition is supported by affidavits. It alleges that at the trial appellant gave to his counsel the names of certain witnesses who would testify to facts tending to establish an alibi, and of certain other witnesses who would testify that he was a person of good character; that his counsel failed to call these witnesses. It also alleges that appellant's counsel was intoxicated at the trial and did not properly present appellant's defense, and that one of the jurors answered certain questions falsely upon his *voir dire*. These allegations are controverted by affidavit filed by the state. There is thus a conflict in the evidence, and this court will not disturb the decision of the trial court upon a question of fact where the evidence is conflicting.

But all of the facts which are the basis of the petition were known to appellant at the end of the trial and before judgment was pronounced and might have been presented by a motion for a new trial or in arrest of judgment. It is suggested that the defendant was unable to file a motion for a new trial within the statutory time because he was a fugitive from justice. This, of course, is not a valid excuse.

Complaint is made about refusal of the court to permit appellant to appeal as a poor person. If this was error it is harmless, since the appeal is perfected.

Judgment affirmed.